### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.

**COLIN MICHAEL JOHANSEN,**

    **Defendant.**

Case No. 11-40108-JAR

### MEMORANDUM AND ORDER

This matter comes before the Court upon consideration of Defendant Colin Michael Johansen's *pro se* Motion for Revised Sentencing (Doc. 43). Defendant also requests appointment of counsel. For the reasons discussed below, the Court dismisses Defendant's motion to revise sentence for lack of jurisdiction and denies his motion to appoint counsel.

### I.  Procedural Background

On February 13, 2012, Johansen pled guilty to one count of solicitation to commit robbery in violation of 18 U.S.C. §§ 373 and 1951.[1] The charge arose from Johansen's solicitation of first an associate turned informer, then an undercover officer, to assist him in robbing a pawn shop. This Court sentenced Johansen to eighteen months' imprisonment, with a term of two years supervised release.[2]

Johansen began his term of supervised release on May 3, 2013. On November 6, 2013, Johansen was charged in Shawnee County, Kansas District Court with Aggravated Robbery, Armed With a Dangerous Weapon, and Aggravated Burglary, Case No. 13-CR-2155. As a

---

[1] Doc. 20.
[2] Doc. 24.

result, this Court revoked Johansen's supervised release and sentenced him to a term of twenty-four months, to be served consecutive to any term imposed in the Shawnee County, Kansas District Court case.[3]  Johansen pled no contest to the state charges and on March 28, 2014, he was sentenced to 64 months' custody, to be served consecutively to his revocation sentence in federal court.[4]

Johansen did not file a direct appeal from his twenty-four month sentence.  On October 24, 2017, Johansen mailed a motion and letter to this Court requesting that his revocation sentence be revised to run concurrent with his state court sentence of 64 months, as well as appointment of counsel.

## II.    Discussion

In view of Defendant's *pro se* status, the Court construes his motion and letter as a motion for reduction of sentence under 18 U.S.C. § 3582(c).  Defendant asks the Court to modify and reduce his revocation sentence upon consideration of his efforts to improve his situation, citing completion of various educational and rehabilitative programs.  Defendant urges the Court to consider the severity of his consecutive sentence and his opportunity to embark on a career in HVAC maintenance upon his release from prison.  Defendant requests his sentence for revocation of supervised release run concurrently with his sentence imposed in Shawnee County District Court.

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."[5]  As the Tenth Circuit explained:

---

[3] Doc. 42.

[4] Revised Violation Report, Doc. 34 ¶ 5.

[5] *United States v. Mendoza,* 118 F.3d 707, 709 (10th Cir. 1997).

2

A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so. Section 3582(c) of Title 18 of the United States Code provides three avenues through which the court may "modify a term of imprisonment once it has been imposed." A court may modify a sentence: (1) in certain circumstances "upon motion of the Director of the Bureau of Prisons", (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure", or (3) "upon motion of the defendant or the Director of the Bureau of Prisons," or on the court's own motion in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission."[6]

If a defendant's argument does not fit within one of these three limited avenues under § 3582(c), the Court is without jurisdiction to consider the request.[7] None of the avenues set forth above apply to this case. Although the Court commends Defendant for his rehabilitative efforts and accomplishments since his conviction, it does not find that it has the power to reduce his sentence as requested, and his motion must be dismissed for lack of jurisdiction. Defendant's request for appointment of counsel is denied as moot.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Colin Michael Johansen's Motion for Revised Sentencing (Doc. 43) is DISMISSED for lack of jurisdiction; his request for appointment of counsel is denied as moot.

**IT IS SO ORDERED.**

Dated: November 13, 2017

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[6] *United States v. Blackwell,* 81 F.3d 945, 947–48 (10th Cir. 1996) (citations and footnote omitted). Congress twice amended 18 U.S.C. § 3582, in 1996 and 2004; neither of these amendments substantively affects the Tenth Circuit's analysis.

[7] *United States v. Smartt,* 129 F.3d 539, 541 (10th Cir. 1997).